IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK04-41534 |
| ) | A06-4064 |
| RICHARD E. CARLSON, ) | |
| ) | CH. 7 |
| Debtor(s). ) | |
| PHILIP M. KELLY, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SUSAN K. CARLSON; ANDREW CARLSON; ) | |
| and PETER CARLSON, ) | |
| ) | |
| Defendants. ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on October 25, 2006, regarding Filing No. 6, Motion to Intervene, filed by Richard Carlson. Philip Kelly appeared as plaintiff, James Nisley appeared for Andrew Carlson and Peter Carlson, and Richard Carlson appeared pro se.

The Chapter 7 trustee of the bankruptcy estate of Richard E. Carlson has filed this adversary proceeding asserting that a transfer by Richard E. Carlson to his children of certain stock in a bank corporation was fraudulent under state law as to Richard E. Carlson's creditors. Mr. Carlson, who was not named as a defendant, has moved to intervene in the litigation as a defendant. He asserts that because he knows what his financial condition was at the time of the transfer, the reasons for the transfer and all of the background information concerning issues related to the transfer, he is an indispensable party. He also asserts in a supplemental declaration recently filed at Filing No. 18 that his financial condition is a factual question common to the parties and his intervention would facilitate rather than delay adjudication. He relies upon Federal Rule of Civil Procedure 24(b), as made applicable in an adversary proceeding by Federal Rule of Bankruptcy Procedure 7024, that anyone may be permitted to intervene in an action when the applicant's claim or defense and the main action have a question of law or fact in common.

Mr. Carlson correctly states the rule, but misinterprets how that applies to him. The trustee, as plaintiff, represents the interest of the bankruptcy estate and it is his job to attempt to bring assets into the estate so they may be liquidated for the benefit of creditors of the estate. Mr. Carlson is attempting to intervene in a position adverse to the interests of the estate. He admittedly has no financial stake in this litigation.

Mr. Carlson probably does have information about the circumstances which led to the transfer of the bank stock. He also has information about his own financial condition at the time of the transfer. His testimony may be necessary, either for the trustee, or for the defendants, particularly on the issue of solvency. Just because he could be a necessary fact witness does not mean that it is appropriate to allow him to intervene, particularly to intervene against the interest of the bankruptcy estate.

  Federal Rule of Civil Procedure 24(b) is the permissive intervention provision of the rule. The court has discretion with regard to such applications under Rule 24(b). Because I believe that it is inappropriate to allow a debtor to participate in a fraudulent conveyance action on behalf of transferees and against the trustee representing the debtor's estate, I decline to exercise such discretion in favor of intervention.

  IT IS ORDERED that the Motion to Intervene (Fil. #6) is denied.

  DATED: November 1, 2006

BY THE COURT:

 /s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
 Philip Kelly
 James Nisley
 *Richard Carlson
 United States Trustee

Movant(*) is responsible for giving notice of this order to other parties if required by rule or statute.