IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| RICHARD CARLSON, ) | |
| ) | CASE NO. BK04-41534 |
| Debtor(s). ) | A06-4064 |
| PHILIP KELLY, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| SUSAN CARLSON; ANDREW CARLSON; ) | |
| and PETER CARLSON, ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the court on a motion for summary judgment by Andrew and Peter Carlson (Fil. #28) and response by the trustee (Fil. #31). Philip Kelly is the Chapter 7 trustee, and James Nisley represents Andrew Carlson and Peter Carlson. The motion was taken under advisement as submitted without oral arguments.

The motion will be granted.

The trustee filed this lawsuit to avoid allegedly fraudulent transfers of shares of stock to each of the defendants. Two of the defendants have now moved for summary judgment, arguing that the complaint was not timely filed within either two years from the date of the order for relief or one year after the appointment of the trustee, pursuant to 11 U.S.C. § 546(a)(1). The trustee asserts that the applicable statute of limitations is the four-year period permitted under the Nebraska Uniform Fraudulent Transfer Act ("NUFTA"), Neb. Rev. Stat. §§ 36-701 to -712.

This Chapter 11 bankruptcy case was filed, and the order for relief entered, on April 29, 2004. It was subsequently converted, and Mr. Kelly was appointed the Chapter 7 trustee on October 5, 2004. This adversary proceeding was filed on August 2, 2006, clearly beyond two years after the entry of the order for relief and one year after the appointment of the trustee.

The one- or two-year limitations period of § 546(a)(1) applies to actions brought under 11 U.S.C. §§ 544, 545, 547, 548, or 553. The trustee does not allege § 544 as a jurisdictional basis for his complaint; rather, he says the lawsuit was brought pursuant to the state-law NUFTA provisions. It is unclear how the trustee would have standing to bring this action under NUFTA if not for his authority to step into the shoes of a hypothetical creditor under § 544. The bankruptcy court in the

Western District of Missouri dealt with the same issue in Krigel v. Noble (In re American Energy Trading, Inc.), 291 B.R. 159 (Bankr. W.D. Mo. 2003), where the trustee filed a fraudulent conveyance action outside of the time allowed in § 546(a)(1) but argued she was proceeding under the four-year statute of limitations in the Missouri Uniform Fraudulent Transfer Act. The court dismissed the causes of action as untimely, stating "even though the Trustee's allegations are brought as fraudulent transfers under the Missouri statutes, they are nevertheless brought under the authority conferred on her by § 544(b)." 291 B.R. at 166. See also Bergquist v. Vista Dev., Inc. (In re Quality Pontiac Buick GMC Truck, Inc.), 222 B.R. 865 (Bankr. D. Minn. 1998).

IT IS ORDERED: Because the trustee's complaint to avoid transfers under NUFTA was not timely filed, the motion for summary judgment by Andrew Carlson and Peter Carlson (Fil. #28) is granted. Further, because the complaint does not appear to have been timely filed with reference to the allegations against the third defendant, it will be dismissed in its entirety. Separate judgment will be entered.

DATED:    March 30, 2007

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
Philip Kelly
*James Nisley
W. Eric Wood
Richard Carlson
U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.